FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 SEP 11  PM 3: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARL BLAZEVICH | * | CIVIL ACTION |
| VERSUS | * | NO. 02-2506 |
| DR. CRAIG WALKER, DR. FAILS, DR. COMP, CARDIOVASCULAR INSTITUTE OF THE SOUTH, TERREBONNE GENERAL MEDICAL CENTER | *  * | SECTION "A"  MAGISTRATE 1 |

## ANSWER

Now into Court, through undersigned counsel, comes Hospital Service District No. 1, of the Parish of Terrebonne, State of Louisiana, the owner and operator of Terrebonne General Medical Center ("TGMC"), who in answer to the Complaint filed by plaintiff, Carl Blazevich, respectfully represents:

I.

The allegations contained in Paragraph No. I of plaintiff's Complaint require no answer, but out of an abundance of caution, TGMC avers that it is a political subdivision of the State of Louisiana, doing business as Hospital Service District No. 1, of the Parish of Terrebonne, State of Louisiana, the owner and operator of Terrebonne General Medical Center. All other allegations contained in Paragraph I are denied for lack of sufficient information to justify a reasonable belief.

II.

The allegations contained in Paragraph No. II are admitted only insofar as defendant, Hospital Service District No. 1 of the Parish of Terrebonne, State of Louisiana, the owner and operator of Terrebonne General Medical Center, is a qualified health care provider pursuant to the provisions of Louisiana R.S. 40:1299.41, et seq. The remainder of the allegations are denied for lack of sufficient information to justify a reasonable belief.



III.

The allegations contained in Paragraph No. III of plaintiff's Complaint require no answer, but out of an abundance of caution, same are denied for lack of sufficient information to justify a reasonable belief.

IV.

The allegations contained in Paragraph No. IV of plaintiff's Complaint are admitted.

V.

The allegations contained in Paragraph No. V of plaintiff's Complaint are denied; defendant further answers that the allegations contained in Paragraph V are false, and without evidentiary support, whereby the plaintiff should be subjected to Rule 11 sanctions.

VI.

The allegations contained in Paragraph No. VI of plaintiff's Complaint are denied; defendant further answers that the allegations contained in Paragraph VI are false, and without evidentiary support, whereby the plaintiff should be subjected to Rule 11 sanctions.

VII.

The allegations contained in Paragraph No. VII of plaintiff's Complaint are denied

VIII.

The allegations contained in Paragraph No. VIII of plaintiff's Complaint are denied; defendant further answers that the allegations contained in Paragraph VIII are false, and without evidentiary support, whereby the plaintiff should be subjected to Rule 11 sanctions.

IX.

The allegations contained in Paragraph No. "VIX" (should be numbered IX) of plaintiff's Complaint are denied.

X.

The allegations contained in Paragraph No. X of plaintiff's Complaint are denied; defendant further avers that plaintiff has asserted potentially new allegations in medical malpractice, which are prematurely pleaded in the plaintiff's complaint, and may require an additional medical review panel to address said new claims in medical malpractice.

XI.

The allegations contained in Paragraph No. XI of plaintiff's Complaint are denied; defendant further avers that plaintiff has asserted potentially new allegations in medical malpractice, which are prematurely pleaded in the plaintiff's complaint, and may require an additional medical review panel to address said new claims in medical malpractice.

XII.

The allegations contained in Paragraph No. XII of plaintiff's Complaint are denied.

XIII.

The allegations contained in Paragraph No. XIII of plaintiff's Complaint are denied; defendant further avers that plaintiff has asserted potentially new allegations in medical malpractice, which are prematurely pleaded in the plaintiff's complaint, and may require an additional medical review panel to address said new claims in medical malpractice.

XIV.

The allegations contained in Paragraph No. XIV of plaintiff's Complaint are denied; defendant further avers that plaintiff has asserted potentially new allegations in medical malpractice, which are prematurely pleaded in the plaintiff's complaint, and may require an additional medical review panel to address said new claims in medical malpractice.

XV.

The allegations contained in Paragraph No. XV of plaintiff's Complaint are denied; defendant further answers that allegations contained in Paragraph XV are false, and without evidentiary support, whereby the plaintiff should be subjected to Rule 11 sanctions.

XVI.

The allegations contained in Paragraph No. XVI of plaintiff's Complaint are denied.

XVII.

The allegations contained in Paragraph No. XVII of plaintiff's Complaint are denied; defendant further avers that there are numerous other explanations to account for the plaintiff's health complications, so therefore, the doctrine of *res ipsa loquitur* does not apply.

XVIII.

The allegations contained in Paragraph No. XVIII of plaintiff's Complaint are denied.

XIX.

The allegations contained in Paragraph No. XIX of plaintiff's Complaint are denied.

XX.

The allegations contained in Paragraph No. "XVI" (should be numbered  XX) of plaintiff's Complaint require no. answer.

XXI.

The allegations contained in Paragraph No. "XVII" (should be numbered  XXI) of plaintiff's Complaint are denied.  Defendant further avers that Louisiana R.S. 40:1299.41, et seq. has been challenged and has repeatedly been found to be completely constitutional.

XXII.

AND NOW, IN FURTHER ANSWER, Hospital Service District No. 1 denies that the plaintiff is entitled to the relief as sought in the prayer of his Complaint.

XXIII.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1, avers that plaintiff's Complaint fails to state a claim upon which relief can be granted.

XXIV.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1, avers that plaintiff is not entitled to recovery to the extent that it has failed to mitigate its damages or has mitigated its damages.

XXV.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1 of the Parish of Terrebonne, State of Louisiana, the owner and operator of Terrebonne General Medical Center, is a qualified health care provider pursuant to the provisions of the Louisiana Medical Malpractice Act, including but not limited to R.S. 40:1299.41, et seq., and as such is entitled to the benefit of and pleads specifically herein all of the provisions of said Act, as if copied in extenso, and further specifically pleads that its liability, if any herein, is limited to an amount not to exceed One Hundred Thousand and No/100 ($100,000.00) Dollars.

XXVI.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1,   respectfully

reiterates that numerous allegations in plaintiff's Complaint are without evidentiary support, as conspicuously revealed in the prior medical review panel proceedings in this case, whereby said plaintiff should be subjected to Rule 11 sanctions including all costs, court penalties, and attorney fees for the defense.

XXVII.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1, avers that it owes no duty the breach of which proximately caused any injury or damage to the plaintiff.

XXVIII.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1, avers that no failure to exercise the required standard of care on the part of the hospital or its employees caused the involved plaintiff to suffer injuries that would not otherwise have occurred.

XXIX.

IN FURTHER ANSWER, defendant, Hospital Service District No. 1, avers that the care rendered by it to the plaintiff was at all times proper, and in keeping with the appropriate standard of care.

XXX.

IN FURTHER ANSWER, in the alternative, and only in the event that a judgment would be rendered in favor of the plaintiff, then in that event, said judgment should be reduced in proportion to the percentage of negligence attributable to the plaintiff under the Comparative Negligence Statute of the State of Louisiana, which is specially pleaded herein.

XXXI.

IN FURTHER ANSWER, in the alternative, Hospital Service District No. 1 affirmatively avers that the alleged injury, condition, complication, and/or damages, if any, were the result of natural causes, natural illnesses, and/or other acts or events unrelated to the care and treatment rendered by Terrebonne General Medical Center, and for which it is not liable or responsible.

XXXII.

IN FURTHER ANSWER, in the alternative, Hospital Service District No. 1 avers that any damages allegedly sustained by the plaintiff, which is specifically denied herein, were caused by the acts and/or omissions of the plaintiff, CARL BLAZEVICH, and/or acts of third parties over whom

defendant had no control, all of which acts as a bar to, or reduction, or mitigation of any damages which would otherwise be recoverable from the defendant named herein.

WHEREFORE, the defendant, Hospital Service District No. 1 of the Parish of Terrebonne, State of Louisiana, the owner and operator of Terrebonne General Medical Center, hereby prays that this answer be deemed good and sufficient, and that after all due proceedings are had, there be judgment rendered in favor of defendant and against the plaintiff, dismissing plaintiff's Complaint with prejudice, and at his cost. Hospital Service District No. 1 further prays for all other general and equitable relief.

RESPECTFULLY SUBMITTED:

**WILLIAM A. EROCHE, B.R. #17560**
**WATKINS, WALKER & EROCHE**
501 Roussell Street/P.O. Box 5095
Houma, Louisiana 70361
Telephone: (504) 868-2333
Attorneys for Hospital Service District #1

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the U. S. mail postage prepaid and properly addressed. Houma, Louisiana this ____ day of September, 2002.

**WILLIAM A. EROCHE**